## Albert G. Burns, Appellee, v. Robert E. Hicks, Appellant.

## Gen. No. 30,651.

1.  LIBEL AND SLANDER—*elements essential to offense.* Under Cahill's St. ch. 38, ¶ 398, it is not necessary, in order that a printed communication shall be deemed libelous per se, that it charge the commission of a crime.

2.  LIBEL AND SLANDER—*when evidence insufficient to show plaintiff guilty of offense averred to have been charged in alleged libel.* In an action for libel, the declaration of which alleged the publication of a letter charging that plaintiff, while president of a certain association, had expended funds subscribed by members of the association for the erection of a building, for other purposes of the association, mainly for the payment of his own salary, and that this constituted embezzlement under the laws of Indiana and Illinois, evidence held to show that the plaintiff was not guilty of embezzlement under the laws of the States mentioned, and that his use of such funds in the manner charged was at most a breach of trust.

3.  LIBEL AND SLANDER—*erroneous refusal of instruction, in action averring libel by charging embezzlement, directing verdict of not guilty if jury found defendant did not charge such offense.* In an action for libel, the declaration of which alleged the publication of a letter charging that plaintiff, while president of an association of salesmen, had expended funds subscribed by the members for the erection of a building, for other purposes of the association, mainly for the payment of his own salary, and that this constituted embezzlement under the laws of Indiana and Illinois, it was error to refuse to give a requested instruction to the effect that if the jury believed that the letter in question did not charge the

plaintiff with having embezzled the association's funds, they should find the defendant not guilty.

4. LIBEL AND SLANDER—*erroneous refusal of instruction, in action for libel by charging embezzlement, directing verdict of not guilty if jury believed explanatory matter of letter negatived intent to charge such offense.* In an action for libel, the declaration of which alleged the publication of a letter charging that plaintiff, while president of an association of salesmen, had expended funds subscribed by the members for the erection of a building, for other purposes of the association, principally for the payment of his own salary, and that this constituted embezzlement under the laws of Indiana and Illinois, it was error to refuse to give a requested instruction to the effect that if the jury believed that the purport of the alleged libelous words of the letter was merely that the plaintiff had expended funds of the association given for a specific purpose, in payment of his salary and other expenses of the association, and that the letter would be so understood when read by persons of common understanding, then the jury should find defendant not guilty.

5. LIBEL AND SLANDER—*admissibility of evidence defendant consulted an attorney before publication of alleged libel.* Evidence that defendant in an action for libel consulted an attorney before he wrote the letter containing the alleged libelous statements, was admissible in mitigation of damages.

6. LIBEL AND SLANDER—*evidence immaterial upon issues of action based upon alleged charge of embezzlement.* In an action for libel based upon the publication of a letter charging that the plaintiff, while president of an association, had expended funds of the association subscribed for the erection of a building, for other purposes of the association, and mainly for the payment of his own salary, evidence offered by plaintiff touching his connection with the association and his dealings with the defendant prior to plaintiff's election as president, held immaterial to the issues involved in the case.

Appeal by defendant from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed October 13, 1926.

PERLEY H. BISHOP, for appellant.

A. D. GASH, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover damages for an alleged libel. There was a verdict by a jury in favor of plaintiff for $17,500, from which the court required a remittitur of $5,000 and judgment was entered for the balance of $12,500.

The plaintiff's case is based on the fact that the defendant wrote and mailed a letter to certain parties concerning plaintiff in which it was stated that plaintiff, who was the president of an association of salesmen, had embezzled certain funds of the association which had been donated by divers persons for the purpose of erecting a building for the association, but that plaintiff had used the money for other purposes of the association—"mainly to * * * pay his salary," and that this constituted embezzlement under the laws of Illinois and Indiana; that plaintiff could not legally use one cent of the money, except for the construction of a building. This letter was set out verbatim in the declaration and the innuendo was that the defendant by publishing the letter, intended to and did charge the plaintiff with having embezzled money belonging to the association. To the declaration the defendant filed the general issue and a plea of justification.

The evidence shows that the association was a corporation organized under the laws of Illinois; that the defendant had been the chief organizer of the company, was its first president and put a great deal of money into it; that in July, 1922, plaintiff, principally through the efforts of the defendant, was elected president for one year and thereafter was reelected for a period of three years at a salary of $7,200 per annum. The concern was not very successful in a financial way and the defendant from time to time advanced moneys with which to keep it going, and during the time plaintiff was its president, he con-

Burns v. Hicks, 242 Ill. App. 198.

ceived the idea of obtaining a fund with which to build a building for the association which was to be constructed in South Whitley, Indiana, to which place the association had moved from Chicago. He solicited funds for this purpose and received donations and about $600 of those funds defendant charged had been embezzled by plaintiff by using the money for expenses of the association and not for the construction of the building.

On the trial the defendant sought to sustain his plea of justification, and the statute of Indiana, defining embezzlement and providing a penalty for the violation thereof and which was set up in his plea, was introduced, defendant's theory being that plaintiff had been guilty of embezzlement under the laws of that State. Plaintiff offered no evidence tending to show that he had sustained any special damages other than the mailing of the letter by the defendant to four or five persons who had made donations to the building fund. Plaintiff did, however, offer evidence tending to show that defendant wrote and mailed the letter maliciously, this evidence being to the effect that the defendant prior to the writing of the letter had stated that he would make a ''bum'' out of the plaintiff and pauperize him. This was denied by the defendant, and he gave a different version of the matter. Defendant also offered evidence to the effect that prior to the writing of the letter he had consulted an attorney and was advised that plaintiff in using the money for the purpose of the corporation instead of for the building had been guilty of embezzlement under the laws of Indiana. Upon objection the offered evidence was excluded.

In this court the defendant, apparently for the first time, contends that the publication of the letter did not charge plaintiff with having committed embezzlement as a matter of law, for the reason that, when the whole letter is considered, the only charge made

was that plaintiff had not used the money for the purpose for which it was donated, and although the defendant in the letter stated that this constituted embezzlement, that fact did not make it so, and that the innuendo could not enlarge the meaning of the alleged libelous words. The defendant also takes a contrary position and contends that the evidence discloses that the charge made in the letter was true, and that his plea of justification was sustained by a preponderance of the evidence.

We think it clear that the evidence shows that the plaintiff was not guilty of embezzlement under the laws of Indiana, nor of this State in expending the money for purposes of the association rather than retaining it for the purpose of constructing a building. Plaintiff offered evidence tending to show that he was authorized by the association to use the money as he had, but whether this evidence showed such authority, we think it clear that the most that can be said is that he used the money for the general expenses of the corporation, including plaintiff's salary, which at most was but a breach of trust. But we think the question is not whether plaintiff was charged with the crime of embezzlement, but whether the parties receiving the letters, or others who might read them, would understand that he was so charged. We think we ought to say that the defendant's contention made in the brief that in an action for a libel the words complained of are not libelous *per se* unless they charge plaintiff with a crime, is not the law in this State. *People v. Spielman*, 318 Ill. 482. That case was an action brought to recover damages for an alleged libel and in passing on the question now under consideration, the court said (p. 487 and 488):

"Section 177 of the first division of the Criminal Code (Cahill's Rev. Stat. 1925, p. 882) provides: 'A libel is a malicious defamation, expressed either by printing or by signs or pictures or the like, tending

to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation or publish the natural defects of one who is alive, and thereby expose him to public hatred, contempt, ridicule or financial injury.' Under this statute it is not necessary to charge one with crime to make a printed communication libelous *per se.*" And this was the theory of the defendant on the trial, as it appears from his offered instructions. At the request of the defendant, the court instructed the jury that in order for them to determine whether the language used in the letter charged the plaintiff with having embezzled the money of the association, they should consider the letter as a whole and not select a few words therefrom. The court gave this instruction, but refused one offered by the defendant, which would have told them that if they should conclude that the letter did not charge plaintiff with having embezzled the association's money then they should find the defendant not guilty. This was refused instruction No. 3. The defendant also offered an instruction, which is designated No. 5, but which the court refused, by which he sought to have the court tell the jury that if they believed from the evidence that the explanation in the letter—viz that defendant meant by charging the plaintiff with embezzlement, that plaintiff had used the funds which had been given for the association for a specific purpose, to pay his salary and other expenses of the association, and that if the jury should find upon a consideration of the letter that it would be so understood when read by persons of common understanding, then the jury should find the defendant not guilty.

A reading of the instructions discloses the fact that while the court told the jury to consider all of the letter in determining whether plaintiff had been charged with embezzlement, no instruction was given advising them what they should do in case they found that the defendant had not charged plaintiff with em-

bezzlement in the letter. We think defendant was entitled to have refused instructions 3 and 5 given. We are also of the opinion that the court erred in excluding the evidence offered by the defendant to the effect that he had consulted an attorney before writing the letter as hereinbefore mentioned, as this evidence would tend to mitigate the damages, ''The fact that the defendant acted on the advice of counsel is also available as a mitigating circumstance.'' 17 R. C. L. 447. We are further of the opinion that the contention of the defendant that evidence offered by the plaintiff was inadmissible which detailed his connection with the association and his dealings with the defendant prior to the time of plaintiff's election as president, was immaterial to the issues involved. The evidence shows without dispute or controversy that plaintiff was the president of the association and had solicited the funds in question and the defendant charged that plaintiff had misused those funds and was, therefore, guilty of embezzlement. The evidence should have been confined to the issue involved, and, of course, the defendant's evidence must be confined to the same matter upon a retrial of the case. We have considered the other contentions made by the defendant, but think it unnecessary to state anything further, because we believe that what we have said is sufficient.

For the errors above stated, the judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

TAYLOR, P. J., and THOMSON, J., concur.